IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KING MICHAEL OLIVER**
**a/k/a MICHAEL OLIVER,**[1]
**#B-89925,**

**Petitioner,**

vs.

**WILLIAM SCHWARTZ,**

**Respondent.**                                          Case No. 15-cv-1194-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This new habeas case was opened on October 27, 2015, when Petitioner King Michael Oliver (a/k/a Michael Oliver) filed a pleading entitled "First Amended Petition Under 18 U.S.C. 241 & 242." (Doc. 1). The pleading was docketed as a "Petition for Writ of Habeas Corpus." (*Id.*). Along with the petition, Oliver filed a letter that refers to a "new petition that was filed on 9-21-15" ("new petition") and also refers to a request to proceed *in forma pauperis* ("IFP motion"). (*Id.* at 6). Oliver asks that all of the aforementioned documents be filed in *Oliver v. Schwartz*, Case No. 15-cv-00059-DRH (S.D. Ill. 2015) ("prior habeas action").

---

[1] Petitioner identifies himself as "King Michael Oliver." The Illinois Department of Corrections' inmate locator identifies the petitioner as "Michael Oliver." To limit the confusion caused by this inconsistency, the **CLERK** will be **DIRECTED** to add "a/k/a Michael Oliver" to this party's designation on the docket sheet in CM/ECF. From this point forward, the parties should use both designations when referring to the petitioner in the case caption of all pleadings and in other documents filed in this action. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

The Court found no record of the "new petition" or IFP motion. Further, the documents cannot be filed in the prior habeas action because that case was closed on February 10, 2015, pursuant to an Order dismissing the underlying petition for writ of habeas corpus without prejudice and a Judgment. (*See* Docs. 6-7, prior habeas action). For these reasons, the instant case was opened. However, the Court cannot conduct its preliminary review of this matter without a complete habeas petition.

Oliver is therefore **ORDERED** to file a complete habeas petition on or before **December 9, 2015**. He must list *this* case number on the petition and make no reference to earlier-filed documents. Oliver should entitle the pleading, "First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," if that is what he intended to file in the first place.

An amended petition supersedes and replaces the prior petition, rendering the prior petition void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 must stand on its own, without reference to any previous pleading. Oliver must re-file any exhibits he wishes the Court to consider along with it.

If Oliver did not intend to commence a new habeas action, he is **ORDERED** to notify the Court of this fact in writing by the same deadline (on or before December 9, 2015) and request voluntary dismissal of this case. If he files a

motion for voluntary dismissal of this action on or before the deadline, the Court will waive the filing fee associated with this action.  Failure to comply with this Order will result in dismissal of the action.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

The **CLERK** is **DIRECTED** to add "a/k/a Michael Oliver" to this party's designation on the docket sheet in CM/ECF.  From this point forward, the parties should use both designations (i.e., "King Michael Oliver, a/k/a Michael Oliver") when referring to the petitioner in pleadings or other documents filed in this action.

To enable Oliver to comply with this Order, the **CLERK** is hereby **DIRECTED** to provide him with a copy of Document 1, a blank Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and a blank IFP Motion.

**IT IS SO ORDERED.**

**DATED:  November 6, 2015**

Digitally signed by Judge David R. Herndon
Date: 2015.11.06 13:01:58 -06'00'

**United States District Court**