IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KING MICHAEL OLIVER
a/k/a MICHAEL OLIVER,
#B-89925,

Petitioner,

vs.

DAVID R. HERNDON,
TIMOTHY TINY,
SGT. SCOTT,
KIMBERLY BUTLER,
LYERLA,

Defendants,

vs.

WILLIAM SCHWARTZ,

Respondent.                                           Case No. 15-cv-1194-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case has been reassigned to the undersigned Judge. It is now before the Court for consideration of an "Amended Petition" (Doc. 7) filed by "King Michael Oliver" (a/k/a Michael Oliver), a self-proclaimed sovereign citizen who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). This Court now finds that the pleading violates the Orders entered in this matter on November 6th (Doc. 4) and November 13th, 2015 (Doc. 6). It largely consists of frivolous claims. For these reasons, the Amended Petition shall be dismissed and this habeas case closed. In addition, Oliver is warned that further vexatious, harassing, and frivolous filings in this District will result in the imposition of sanctions.

## I. Background

From its inception, this case has been shrouded in mystery. "King Michael Oliver," as petitioner calls himself, filed a pleading on October 27, 2015, entitled "(Addition) First Amended Petition Under 18 U.S.C. § 241 & 242" ("First Amended Petition") against "Judge William Schwartz, *et al*." (Doc. 1). Along with the pleading, he filed a letter stating that the First Amended Petition was intended to supplement a "new petition that was filed on 9-21-15." (*Id*. at 6). No record of the "new petition" was on file with the Court, and Oliver never produced a copy of it. In the letter, Oliver expressed his preference that the "new petition" and First Amended Petition be filed together in a closed habeas case, *Oliver v. Schwartz, et al*., Case No. 15-cv-59-DRH (S.D. Ill. 2015), but only because that case contained exhibits he wished to use. (Doc. 1 at 6-7).

To enable Oliver to proceed with his self-described "new" claims, a new case was opened using the First Amended Petition. (Doc. 1). This case was characterized as a habeas action filed pursuant to 28 U.S.C. § 2241 for administrative purposes only, and it was originally assigned to Honorable David R. Herndon. Still, it was not clear what type of action Oliver intended to bring.

The substance of the First Amended Petition only added to the mystery. (*Id*.). There, Oliver complained about events that occurred after he filed his "new petition" on September 21, 2015. Although Judge Schwartz was the only named respondent, Plaintiff's complaints had nothing to do with the judge. They arose from a disciplinary ticket Oliver received for fighting, his placement in segregation, the conditions of his confinement, and harassment by prison staff, among other things. The pleading included no request for relief.

Unable to discern what, if any, action Oliver was attempting to commence, Judge Herndon entered two Orders, dated November 6th and 13th, 2015, requiring Oliver to

clarify the nature of this action and file a *complete* pleading on or before December 9, 2015. (Docs. 4, 6). He was provided with a blank Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and instructed to use that form, if he intended to pursue a request for habeas relief under § 2241. Alternatively, Oliver was ordered to advise the Court in writing of his intention to pursue another course of action by the same deadline and request voluntary dismissal of this case, if he wished to avoid the imposition of a filing fee. Twice, Oliver was warned that failure to comply with these Orders would result in dismissal of this case. (Doc. 4 at 3; Doc. 6). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Oliver did not comply with the two Orders. (Docs. 4, 6). Instead, he responded by filing Document 7, a handwritten pleading bearing numerous labels and docketed as an "Amended Petition." On December 29, 2015, he filed a "Motion for Leave to Amend the Amended Complaint" (Doc. 11), but failed to submit a proposed pleading to the Court for consideration. He also filed several additional exhibits (Doc. 10, 13, 16-17), in still more attempts to amend the Amended Petition. The Court does not accept piecemeal amendments, and Oliver provided the Court with nothing else. His requests to amend the Amended Petition shall be denied, and this Order will focus only on Document 7.

## II. Discussion

The Amended Petition (Doc. 7) spans twelve pages, beginning with "page 4" and ending with "page 15." The page numbering suggests that Oliver *still* has not filed a complete pleading. The Amended Petition is subject to dismissal on this ground alone.

Moreover, Oliver does not refer to the pleading as an Amended Petition. It is therefore unclear if Document 7 is actually intended to represent Oliver's amended pleading. Although it

was docketed as such, the pleading does not bear this label. The Amended Petition is also subject to dismissal on this ground.

But there is more. Given the many labels used on the pleading, it is altogether unclear what type of action Oliver is bringing. He includes the following labels, among others:

(1) Petition under (18 U.S.C. 241 - Conspiracy against rights) and 18 U.S.C. 242 – Deprivation of rights under color of law;

(2) Petition under 28 U.S.C. 2241 and/or 2254 for Writ of Habeas Corpus; and

(3) Petition for Writ of Mandamus under Federal Rules of Appellate Procedure Titles 5 rule 21 and/or 28 U.S.C. 1651(a).

In addition, the body of the pleading refers to numerous other federal statutory grounds for relief, including but not limited to the following: 18 U.S.C. §§ 2, 3, 4, 241, 242, 371, 1581, 1621, 1622, 1623, 1652, 2340, 2332(b), 2381, 2382, 2441 and 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1987. (Doc. 7 at 2). Oliver also generally invokes "international law." (*Id.*).

At the outset of this case, this Court must independently evaluate the substance of the claims to determine if the correct statute - in this case 42 U.S.C. § 1983, 28 U.S.C. § 2241, or 28 U.S.C. § 2254 - is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). Given the many labels and references to federal and international law, the Court is unable to determine what type of suit has been filed.

The substantive allegations and requests for relief do little to clarify the already muddled case. For example, Oliver relies on 18 U.S.C. §§ 241 and 242 to bring federal criminal charges

against two judges, who issued unfavorable rulings in his state criminal case and federal habeas action. (Doc. 7 at 1-4). Oliver challenges the decision made by Judge Schwartz in his state criminal case to deny a "motion to dismiss" all charges and to appoint Public Defender Timothy Tiny to represent him. Oliver also adds Judge Herndon, who was originally assigned to this case, as a party to this action because he denied Oliver's prior habeas petition and, in doing so, acted as an "accessory after the fact" to the deprivation of Oliver's constitutional rights in the state criminal case.[1] *See Oliver v. Schwartz, et al.*, Case No. 15-cv-59-DRH (S.D. Ill. 2015).

Oliver cannot sue these defendants under 18 U.S.C. §§ 241 and 242. The statutes authorize the federal government to bring charges if two or more individuals conspire to deprive someone of his or her civil rights. *See* 18 U.S.C. § 241. As a private citizen, Oliver cannot bring criminal charges against the defendants. Only a federal prosecutor, such as a United States Attorney or Attorney General, may do so. Oliver's declaration that he is "king" of a "state" in his Amended Petition does not enable him to charge these defendants with federal crimes. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). Rather, this declaration underscores the frivolous nature of Oliver's claims. If Oliver wishes to challenge the decisions of Judge Schwartz and/or Judge Herndon, he must file a direct appeal or possibly a collateral attack. The instant Amended Petition cannot serve as a substitute for either.

Oliver does not stop there. He also boldly accuses Judge Schwartz of torturing him and attempting to poison his food during his pretrial detention at Jackson County Jail. (Doc. 7 at 4). Oliver asserts that Judge Schwartz, Public Defender Tiny, and Judge Herndon display "characteristics of a tyrant" and asks that they be treated as such. (*Id*. at 5). He seeks their

---

[1] Judge Herndon was not listed among the respondents/defendants in Document 1. Oliver added the federal judge as a defendant in the Amended Petition, only after learning of this Judge's assignment to the case. Judge Herndon has recused himself from this matter. (Doc. 19).

immediate termination, imprisonment, and monetary relief. (*Id*.). These claims, and the allegations on which they rest, are unsupported, frivolous, and even delusional.

Oliver also demands release from custody pursuant to 28 U.S.C. §§ 2241 and/or 2254. He alleges that he is currently in the custody of the Illinois Department of Corrections for convictions and/or pending charges in multiple criminal cases. He seeks immediate release "regardless of any statute that [he] ha[s] been charged with," and he lists multiple cases in which he has been charged with or convicted of crimes. (*Id*. at 9).

It is true that a petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Section 2254 generally governs habeas petitions filed by "persons in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Section 2241 remains available to those who are in state custody for some other reason than pursuant to a state court judgment, such as pre-conviction custody. *Walker*, 216 F.3d at 633; *Jacobs v. McCaughtry*, 251 F.3d 596 (7th Cir. 2001). However, Oliver fails to invoke a single statute in support of this request, instead listing both § 2254 and § 2241. He offers no reason for his request for habeas relief, other than the statement that he should be released "regardless of any statute that [he] ha[s] been charged with." (Doc. 7 at 9). The Court lacks sufficient information to determine the nature of this habeas action, and, in any event, must leave the decision to Oliver.

The remainder of the Amended Petition focuses on Oliver's alleged mistreatment at Menard. (*Id*. at 5-6). He describes a conspiracy by Menard officials to retaliate against him by violating his constitutional rights. Oliver alleges that prison officials mocked and harassed him for referring to himself as a "king." (*Id*. at 6). These officials allegedly denied him access to indoor and/or outdoor recreation, the shower, and the chow hall and transferred him to a maximum security housing unit, in order to retaliate against him.

These claims generally arise under 42 U.S.C. § 1983, which provides a private cause of action to redress violations of federal rights by persons acting under color of state law. However, changes in a prisoner's security level or in the conditions of confinement from one prison to another cannot be attacked in a habeas action. *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). In other words, Oliver cannot proceed under § 1983, § 2254, and § 2241 in the same action.

Document 7, which was docketed as the Amended Petition, raises more questions than it answers. The Court cannot discern whether Oliver has filed a complete pleading, whether that pleading is intended to be an "Amended Petition," or what type of action Oliver intends to pursue. Having given Oliver multiple opportunities to address these questions, the Court will waste no more time or scarce resources trying to sort the matter out for him. Further, Oliver does not seek the assistance of counsel and has made it clear that he wants to proceed *pro se*; the Court finds that the recruitment of counsel would not save this action.

Oliver has failed to comply with the Court's Orders (Docs. 4, 6) requiring him to file a properly completed amended petition. Document 7 shall therefore be dismissed without prejudice to any other habeas corpus petition or civil rights action Oliver may file in a newly-opened case. FED. R. CIV. P. 41(b). *See generally Ladien*, 128 F.3d 1051; *Johnson*, 34 F.3d 466.

### III.     Sanctions

This is now the third time that Oliver has raised the same claims against Judge Schwartz and Public Defender Tiny. His first habeas petition was dismissed without prejudice under the *Younger* doctrine. *Oliver v. Schwartz, et al.*, Case No. 15-cv-59-DRH (S.D. Ill., dismissed Feb. 10, 2015) ("prior habeas action"). Within three months, he attempted to file a "foreign judgment" against Judge Schwartz and Public Defender Tiny in the same action. (Doc. 10, prior habeas action). Oliver sought dismissal of all pending criminal charges, removal of the judge and public defender from their jobs, and monetary damages. (*Id.*) This Court entered an Order striking Oliver's "foreign judgment" on May 19, 2015. (Doc. 11, prior habeas action).

The instant action represents a third attempt to bring the same claims. Although the dismissal without prejudice of his original petition does not preclude Oliver from filing another § 2241 petition, Oliver has used the instant case as a platform for raising serious allegations (including claims of torture and attempted murder) against a state court judge. He now includes a federal judge (*i.e.*, Judge Herndon) among the defendants in the Amended Petition. The claims are based on conclusory statements, unsupported by factual allegations, and are frivolous. The Court will not tolerate this waste of scarce judicial resources.

Oliver is hereby **WARNED** that he will be sanctioned for future frivolous filings consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). In *Alexander*, the Seventh Circuit imposed a monetary sanction as well as an order that future filings by the Petitioner would be deemed denied on the thirtieth day unless the Court entered an order to the contrary. *Id.* at 315-16. The Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id.* at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). This Court will exercise its authority under *Alexander*, should Oliver

persist in his efforts to barrage the Court with more frivolous filings in this or any other action filed in this District.

## IV. Pending Motions

Oliver has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 9), which shall be addressed in a separate Order of the Court.

Oliver's Motion for Leave to Amend the Amended Complaint (Doc. 11) is hereby **DENIED**, for the reasons discussed above.

Oliver's Motion for Judicial Notice of Law (Doc. 12) and Motion for Status Report (Doc. 14) are **DENIED** as **MOOT**.

## V. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above and for failure to comply with two Orders of this Court (Docs. 4, 6), the Amended Petition (Doc. 7) is **DISMISSED** without prejudice to any other habeas corpus petition or civil rights action Oliver may file in a newly-opened case.  *See* FED. R. CIV. P. 41(b).  *See generally Ladien*, 128 F.3d 1051; *Johnson*, 34 F.3d 466.

The Clerk is **DIRECTED** to enter Judgment and close this case.

**IT IS SO ORDERED.**

**Signed this 24th day of February, 2016.**

*s/ J. Phil Gilbert*
**United States District Judge**
